UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE JAKKS PACIFIC, INC. DERIVATIVE ACTION | : <br> : Case No. 04 Civ. 9441 (RJS) <br> : |

DECLARATION OF LAURENCE D. PASKOWITZ
IN FURTHER SUPPORT OF APPLICATION FOR
AN AWARD OF FEES AND EXPENSES

Laurence D. Paskowitz, under pain and penalty of perjury under the laws of the United States, does hereby declare and state this 29th day of October, 2010:

1.  I am the principal of Paskowitz & Associates. My firm served as one of two Co-Lead Counsel in these consolidated shareholders' derivative actions. I respectfully submit this Declaration in further support of Plaintiffs' application for an award of attorneys' fees and expenses, and in response to this Court's Order dated October 19, 2010 requesting further information.

2.  In response to this Court's request for more detailed information concerned the time expended, submitted herewith as Schedule A are my daily time entries in this matter. They reflect 45.5 hours devoted to this matter, at a rate of $625 per hour, for a total lodestar of $28,437.50.

3.  Attorney Roy L. Jacobs assisted my firm in this matter. His time records are submitted as part of a separate Declaration, and include time spent on this matter by his associate, Sasha Lankarani, Esq.

4.  The October 19, 2010 Order asks that counsel "inform the Court whether, and how, the work described in the affidavit and the pendency of the Consolidated Derivative Action

served as a material and substantial contributing cause for the global resolution of all pending litigation and the payment of any settlement by Defendants' insurance carrier."

5. The goal of this derivative action was to obtain payment from the individual defendants, via insurance or otherwise, of any damages or settlement arising out of the related securities litigation. Indeed, in Paragraph 8 of the Complaint filed on December 2, 2004, plaintiff asserts: "It would be unfair and inequitable for the shareholders of JAKKS to bear the direct or indirect burden to pay these damages [that may be awarded in the class action and] caused by the individual defendants, and therefore this suit asks the individual defendants to make recompense to the Company."

6. Insurance proceeds are not always available to settle securities class actions. I have personally been involved in class actions where insurance coverage has been disclaimed, or where insurers paid only part of a settlement fund.

7. I believe derivative suits such as the one at bar aid in maximizing payment of insurance money towards class settlements, as derivative suits proceed under a lesser standard of liability than securities law class actions, which usually require a showing of intentional fraud. In addition, such derivative suits provide defense counsel with a tool they may use to persuade recalcitrant insurers to provide greater coverage because a partial payment (or a declination of any payment) may not result in the global resolution of the case.

8. In this case, plaintiffs' counsel had no direct contact with the insurer or its counsel. We did express to defense counsel, consistent with what is stated in the Complaint, that resolution of the derivative claims required payment of any class settlement to be covered by insurance proceeds. We understand that this position was conveyed to insurance counsel. In the Stipulation of Settlement, defendants stipulated that the derivative claims were a material and

substantial contributing cause of the global resolution of this matter, which involved a full payment of the class settlement with insurance proceeds. I do not believe defendants would have stipulated to this fact if this were not the case.

9. The fees and expense award in the total sum of $165,000 reflects arm's-length negotiations with a sophisticated adversary. It was stipulated that this sum would not be paid by JAKKS or by its shareholders, but rather by insurers. Thus, this fee and expense award will not diminish corporate funds, or otherwise affect the JAKKS shareholders economically.

10. The underlying time was incident to the assertion and prosecution of the derivative claims. Some considerable time was, of course, expended subsequent to the class settlement in ensuring that the derivative settlement was properly documented, and in preparing the settlement application (that is, the declarations and the Memorandum of Law). These hours could not have been avoided, and are a necessary component of any derivative settlement, as the resulting settlement requires Court approval pursuant to Fed. R. Civ. P. 23.1. Although I did monitor the proceedings in the class case, I did not enter such time in daily time records. Therefore the time set forth in Schedule A hereto is understated by the several hours that were devoted to reviewing pleadings, motions and opinions in the class case.

11. Accordingly, and for the reasons set forth above and the accompanying Supplemental Memorandum of Law in Support of Fees and Expenses submitted herewith, I respectfully request that this Court grant plaintiffs' application for an award of fees and expenses.

/s/ Laurence D. Paskowitz
Laurence D. Paskowitz

## SCHEDULE A

## PASKOWITZ & ASSOCIATES DAILY TIME

| Attorney | Date | Task | Hours |
|---|---|---|---|
| LDP | 11/18/04 | Conf. client; begin research for complaint | 7.2 |
| LDP | 11/22/10 | Rev. related pleadings & draft derivative complaint | 8.5 |
| LDP | 11/29/04 | Rev. & finalize complaint | 7.6 |
| LDP | 1/4/05 | Correspondence with defense counsel re service | 0.3 |
| LDP | 2/9/05 | Conference with co-counsel Weiser re case and strategy | 0.3 |
| LDP | 2/17/05 | Review motion to dismiss papers filed by defendants | 3.5 |
| LDP | 3/26/05 | Lunch meeting with defense counsel to exchange views on case, and derivative position | 2.0 |
| LDP | 3/25/09 | Conferences with defense counsel and co-counsel re settlement terms | 3.0 |
| LDP | 6/19/09 | Review & annotate defense counsel's draft of settlement papers | 6.3 |
| LDP | 11/16/09 | Review and edit draft brief in support of settlement | 6.8 |

**TOTAL HOURS:** 45.5

**RATE:** $625

**TOTAL LODESTAR:** $28,437.50