UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE JAKKS PACIFIC, INC. DERIVATIVE ACTION | : <br> : Case No. 04 Civ. 9441 (RJS) <br> : |

**DECLARATION OF ROBERT B. WEISER PURSUANT TO THE COURT'S OCTOBER 19, 2010 ORDER**

I, Robert B. Weiser, declare as follows:

1. I am the managing director of The Weiser Law Firm, P.C. (the "Weiser Firm"), co-counsel for Plaintiffs in the above-captioned shareholder derivative action (the "Action"), which was brought for the benefit of JAKKS Pacific, Inc. ("JAKKS" or the "Company"). I submit this Declaration pursuant to the Court's October 19, 2010 Order (the "Order"). Per the terms of the Order, this declaration (the "Declaration") shall describe: (a) the nature of work performed by each partner, associate, and staff person employed by Plaintiffs' Counsel in the course of this Action, both before and after the settlement of the parallel securities class action captioned *In Re Jakks Pacific, Inc. Shareholders Class Action Litigation*, No. 04 Civ. 8807 (the "Class Action"), (ii) the hourly quantity of the work described above, as evidenced by particularized timesheets, and (iii) the billing rates of each person described above. The Declaration also describes "whether, and how, the work described in the affidavit and the pendency of the [] Action served as a material and substantial contributing cause for the global resolution of all pending litigation and the payment of any settlement by Defendants' insurance carrier."

2. Our firm biography is attached as an exhibit as Exhibit A hereto. As it reflects, the attorneys at our firm are devoted to representing stockholders in class, derivative, and ERISA litigation. Our firm has significant experience in litigating stockholder derivative actions, and as

it further reflects, certain of our firm's attorneys have been involved in some of the most important derivative actions in the history of corporate litigation.

3.  Collectively, from the inception of the Action to date, our firm has spent a total of 56.25 hours prosecuting the Action for a cumulative total "lodestar" of $26,393.75 as follows:

| Attorney | Hours | Billing Rate | Total |
| --- | --- | --- | --- |
| Robert B. Weiser (P) | 31.25 | $595 | $18,593.75 |
| Brett D. Stecker (A) | 14.5 | $375 | $5,437.50 |
| Jeffrey J. Ciarlanto (A) | 10.5 | $225 | $2,362.50 |
| **TOTAL:** | **56.25** | | **$26,393.75** |

4.  The time our firm spent prosecuting the Action, which is summarized above, is reflected in Exhibit B. As reflected in Exhibit B, approximately half (28.5 hours) of our time was devoted to negotiating and documenting the settlement.

5.  Of the total time in the Action, all of the associate time was devoted to documenting the settlement and preparing final papers in support of settlement. The remainder of the time in the Action was mine and it consists of: (a) reviewing news and other documents (including pleadings in the related Class Action) for the purpose of evaluating the Action; (b) preparing the initial complaint in the Action; (c) meeting with Company counsel; (d) reviewing various pleadings (including the motion to dismiss decision in the Class Action) and; (e) negotiating the settlement. I note that at the time the Action was initiated, I had just co-founded the Weiser Firm, and we did not then employ any associates or paralegals.

6. Collectively, from the inception of the Action to date, our firm has incurred unreimbursed expenses in the amount of $1,040.85, as follows:

| **Activity** | **Amount** |
| --- | --- |
| Travel, Food, & Lodging | $413.35 |
| Lexis, Westlaw, Dow Jones, Bloomberg research | $627.50 |
| **TOTAL:** | **$1,040.85** |

7. All of the expenses incurred by the Weiser Firm, summarized above, are reflected in our firm's detailed books and records, which are available for the Court's review upon request. These expenses were reasonably and necessarily incurred in connection with the prosecution of the Action.

8. Although I did not have direct communications with insurers in the Action regarding the insurance contribution to the Settlement, I did have conversations with Company counsel in the Action regarding the need for insurance proceeds to be paid to the Company to resolve the Action. It is my belief based on my extensive experience in litigating stockholder derivative actions, that the filing, prosecution and settlement of a derivative action can cause insurance funds to be available to the subject corporation that would have not otherwise been available for various reasons based on the facts and circumstances of the given case.

9. As set forth in the Action's Stipulation of Settlement dated June 24, 2010 (the "Stipulation"), defendants have stipulated that the prosecution and settlement of the Action "was a material and substantial contributing cause for the global resolution of all the pending litigation." Reading all of the relevant provisions of the Stipulation in context, I believe this to mean that, but for the initiation and settlement of the Action, some portion of the insurance

proceeds utilized by the Company to resolve the Class Action would not have been available to the Company.

10. I believe that the Settlement is "fair and reasonable" under Fed. R. Civ. P. 23.1, and that it warrants the Court's final approval. Accordingly, I also believe that the Fee Award is fair and reasonable under precedent, and that it should receive the Court's final approval.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 29th day of October, 2010, at Wayne, Pennsylvania.

/s/ Robert B. Weiser

ROBERT B. WEISER

## Jakks DER

| DATE | TMKR | RATE | HOURS | AMOUNT | DESCRIPTION |
|---|---|---|---|---|---|
| 1/21/2005 | RBW | 595 | 6 | 3570 | RV, AN - news, financial filings |
| 1/25/2005 | RBW | 595 | 0.5 | 297.5 | TT's - to potential clients |
| 1/25/2005 | RBW | 595 | 0.5 | 297.5 | TT's - potential local counsel |
| 2/8/20005 | RBW | 595 | 5.5 | 3272.5 | DR - complaint |
| 2/9/2005 | RBW | 595 | 1 | 595 | FN - complaint |
| 2/10/2005 | RBW | 595 | 0.25 | 148.75 | TT - local counsel |
| 2/18/2005 | RBW | 595 | 3 | 1785 | RV, AN - Ds MTD |
| 3/26/2005 | RBW | 595 | 4 | 2380 | TR -- to and from NYC for D's counsel meeting |
| 3/26/2005 | RBW | 595 | 1.5 | 892.5 | MW -- Ds counsel |
| 3/27/2005 | RBW | 595 | 0.25 | 148.75 | TT - local counsel |
| 7/12/2005 | RBW | 595 | 1.5 | 892.5 | RV, AN - class acition amcomp |
| 11/20/2005 | RBW | 595 | 2.5 | 1487.5 | RV, AN -- MTD briefing in class action |
| 12/14/2005 | RBW | 595 | 0.25 | 148.75 | TT - forwarding counsel |
| 5/2/2006 | RBW | 595 | 0.25 | 148.75 | TT - Ds counsel |
| 9/1/2006 | RBW | 595 | 0.25 | 148.75 | TT - forwarding counsel |
| 11/13/2007 | RBW | 595 | 0.25 | 148.75 | RV - correpsondence form Court |
| 11/14/2007 | RBW | 595 | 0.25 | 148.75 | TT - co-counsel |
| 2/23/2009 | RBW | 595 | 0.5 | 297.5 | TF -- co-counsel re; settelment |
| 2/23/2009 | RBW | 595 | 0.5 | 297.5 | TT - Ds counsel |
| 6/20/2009 | RBW | 595 | 0.25 | 148.75 | MW - brett & jeff re; settlement |
| 6/21/2009 | BDS | 375 | 2.5 | 937.5 | RV, E - sett. Docs |
| 6/21/2009 | RBW | 595 | 1 | 595 | RV, E - sett. Docs |
| 6/21/2009 | RBW | 595 | 0.25 | 148.75 | TT - co-counsel |
| 11/15/2009 | BDS | 375 | 1 | 375 | FN- settlement docs |
| 6/23/2010 | BDS | 375 | 1 | 375 | RV, E - settlement motion |
| 8/5/2010 | BDS | 375 | 1 | 375 | RV, E - Notices |
| 9/24/2010 | JJC | 225 | 6 | 1350 | DR - settlement brief |
| 9/25/2010 | JJC | 225 | 3 | 675 | DR - settlement brief |
| 9/29/2010 | BDS | 375 | 5.5 | 2062.5 | RV, E - settlement brief |
| 9/29/2010 | RBW | 595 | 1 | 595 | RV, R - settlement brief |
| 9/30/2010 | BDS | 375 | 3.5 | 1312.5 | RV, R - settlement brief |

| 9/30/2010 | JJC | 225 | 1.5 | 337.5 | RV, R -settlement brief re; co-counsel's edits |
|---|---|---|---|---|---|
| | | | | 0 | |
| | | | | 0 | |
| | | | | 0 | |
| | | | | 0 | |
| TOTAL | | | 56.25 | 26393.75 | |

RV = reveiew   R = revise   MW = meeting with   E - edit
TT = telephone call to   TF = telephone call from   DR = draft
AN - analyze