UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE JAKKS PACIFIC, INC. DERIVATIVE ACTION

Case No. 04 Civ. 9441 (RJS)

## SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF AWARD OF ATTORNEYS' FEES AND THE REIMBURSEMENT OF EXPENSES

**PASKOWITZ LAW FIRM P.C.**
60 East 42nd Street, 46th Floor
New York, NY 10165
Telephone: (212) 685-0969
Facsimile: (212) 685-2306

*Counsel for Plaintiffs Freeport Partners, LLC and David Oppenheim*

Plaintiffs Freeport Partners, LLC ("Freeport") and David Oppenheim ("Oppenheim") (collectively, "Plaintiffs") hereby respectfully submit this supplemental memorandum of law in support of their application for attorneys' fees in the above-captioned consolidated shareholder derivative action (the "Action").

The goal of the Action, that the innocent shareholders of JAKKS Pacific, Inc. ("JAKKS" or the "Company") not be burdened by having to pay for the settlement of the related securities class action on file in this Court captioned *In re JAKKS Pacific, Inc. Shareholders Class Action Litigation*, 04 Civ. 8807 (RJS) (the "Securities Class Action"), has been accomplished. The Stipulation, the Declarations of Laurence D. Paskowitz and Robert B. Weiser sworn to October 29, 2010, demonstrate that Plaintiffs were a substantial contributing factor in getting the insurer to fund the settlement of the Securities Class Action. The Declaration of Michael H. Gruenglas filed herein also makes clear that Plaintiffs' efforts were a substantial contributing factor in the insurer contributing to the settlement of the Securities Class action. Accordingly, the award of $165,000, to be paid by the individual defendants' insurer, has been duly earned and Plaintiffs' Counsel are entitled to be paid.

At the Final Hearing held on October 19, 2010, the Court raised concerns and requested a quantification of the efforts of Plaintiffs' Counsel in obtaining the benefit produced by the Settlement. The various declarations filed herein have so provided that quantification.[1] Plaintiffs have also filed their daily time records detailing the efforts expended in the Action.

---

[1] See *In re AOL Time Warner Shareholder Derivative Litig.*, 2009 U.S. Dist. LEXIS 124372 at *17 (S.D.N.Y Feb. 1, 2010), where the acknowledgment by defendants that the prosecution of the derivative action was a substantial factor in the Company's ability to obtain approximately $200 million in insurance proceeds, was better evaluated as a common benefit, rather than the creation of a common fund. It is clear from the decision that the Special Master did *not* reject the plaintiffs' claim that they had in fact caused a benefit with respect to the obtaining of the insurance proceeds.

There is no equation to mathematically calculate the amount of a fee to be awarded based on the creation of a common benefit. Rather, it is based on the sound discretion of the Court and the factors discussed below, all of which confirm that the Fee and Expense Award is reasonable and should be approved.

The Fee and Expense Award is properly payable under the common benefit doctrine (which emanated from the common fund doctrine), espoused in *Mills v. Electric Auto-Lite Co.*, 396 U.S. 375, 393-96 (1970), "on the theory that the corporation which has received the benefit of the attorney's services should pay the reasonable value thereof." *Smolowe v. Delendo Corp.*, 136 F.2d 231, 241 (C. A. 2d Cir. 1943). Plaintiffs' efforts need not be the sole cause, but only a substantial cause. *See Savoie v. Merchants Bank*, 84 F.3d 52, 56-57 (2d Cir. 1996); *Emerging Germany Fund, Inc. v. Goldstein*, 1999 U.S. Dist. LEXIS 16473 at *6-9 (S.D.N.Y. Oct. 22, 1999) (Settlement approved and $350,000 fee awarded although litigation only very indirectly caused a monetary benefit); *Koppel v. Wien*, 743 F.2d 129, 134 (2d Cir. 1984) ("While the extent of the benefit conferred may be relevant to the determination of the amount of fees properly chargeable, the right to a fee award depends only on the existence of a benefit.").

Here, had there been no Settlement, Plaintiffs still would have been entitled to a fee based on the fact that the Action would have been mooted, and it would have been *defendants'* burden to demonstrate the absence of a causal connection between the lawsuit and the benefit achieved. *See Savoie*, 84 F.3d at 56-57 (citation omitted). Yet counsel for JAKKS has come forward and confirmed that Plaintiffs efforts were a substantial contributing cause of the benefits achieved, as set forth in the Gruenglas Declaration.

While the body of statutory fee shifting cases may impose a different standard in awarding attorneys' fees, these cases have no direct application to the award of fees here. As the

courts recognize, there is a strong public policy in limiting such fee awards, which are principally imposed on governmental entities. As the Supreme Court held in *Perdue v. Kenny A*, ___ U.S. ___, 130 S. Ct. 1662, 1677 (2010):

> Instead, the fees are paid in effect by state and local taxpayers, and because state and local governments have limited budgets, money that is used to pay attorney's fees is money that cannot be used for programs that provide vital public services. Cf. *Horne v. Flores*, 557 U.S. ___, ___, 129 S. Ct. 2579, 2594, 174 L. Ed. 2d 406 (2009*)* (payment of money pursuant to a federal-court order diverts funds from other state or local programs).

*Perdue* was a case in which the fee request was disputed. The Supreme Court has urged that, even in fee-shifting cases, it is both permissible and optimal for the parties to "settle the amount of the fee." *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) ("A request for attorney's fees should not result in a second major litigation. Ideally, of course, litigants will settle the amount of a fee.").[2]

Here, the best indicator that the Fee and Expense Award is reasonable is that it was negotiated at arms-length with Skadden, Arps, Slate, Meagher & Flom LLP, counsel for JAKKS. This is strong evidence that the Fee and Expense Award reflects the value of the services provided since neither JAKKS, nor the relevant insurers, have any reason to give money away.[3]

The Second Circuit has similarly concluded that courts should be hesitant to interfere in fee arrangements between settling parties in shareholder actions when defendants have agreed "not to oppose" the payment of fees up to a certain amount:

---

[2]   Thus, where the litigants were at arms-length, there is every reason to adopt the compromise of the parties absent unusual circumstances, which are not present here.

[3]   *See Misiewicz v. D'Onofrio Gen. Contrs. Corp.*, 2010 U.S. Dist. LEXIS 60985, at *15-16 (E.D.N.Y. May 17, 2010)(approving negotiated fee even in the absence of any records of how many hours counsel worked, and noting that: "the Court is reticent to disapprove a settlement on the amount of attorney's fees, since both parties assumingly have knowledge of how attorney's fees are calculated in this district and were negotiating at arm's length.")

> [W]here . . . the amount of fees is important to the party paying them, as well as to the attorney recipient, it seems to the author of this opinion that an agreement "not to oppose" an application for fees up to a point is essential to completion of the settlement, because the defendants want to know their total maximum exposure and the plaintiffs do not want to be sandbagged. It is difficult to see how this could be left entirely to the court for determination after the settlement.[4]

*Malchman v. Davis*, 761 F.2d 893, 905 n.5 (2d Cir. 1985).

There is no question that the attorneys' rates submitted herein are reasonable. *See AOL Time Warner*, 2009 U.S. Dist. LEXIS 124372 at *38 (associate rates up to $550 and partner rates up to $850 were appropriate). Such rates that have previously been approved are significantly higher than the rates being submitted herewith, thus demonstrating their reasonableness. *See also, In re Indep. Energy Holdings PLC Sec. Litig.*, 2003 U.S. Dist. LEXIS 17090, 2003 WL 22244676, at *9 (S.D.N.Y. 2003) (hourly of $ 650/hour for partners, and $ 300-$ 425/hour for associates approved); *In re Telik, Inc. Sec. Litg.*, 576 F. Supp. 2d 570, 588-89 (S.D.N.Y. 2008) (hourly rates of $ 700 - $ 750 for partners and $ 300 - $ 550 for associates fall within "the norm of the rates charged by those attorneys' common adversaries in the defense bar").

Additionally, there is an important factor that should not be ignored. Courts in this Circuit accept that derivative counsel assume great risks in the representation of wholly contingent matters, such as the Action. For this reason, this Circuit requires that the risks of litigation be an important factor in considering the appropriateness of a fee award. Specifically, the Second Circuit explained:

> No one expects a lawyer whose compensation is contingent upon his success to charge, when successful, as little as he would charge a client who in advance had agreed to pay for his services, regardless of success. Nor, particularly in complicated cases producing large recoveries, is it just to make a fee depend solely on the reasonable amount of time expended.

---

[4] The Court's concern that the fee's be reasonable should be satisfied in the knowledge that it will examining counsels' lodestar, and that the entity paying the fees, defendants' insurer, views the payment of any funds as important, and has every reason to pay as little as possible.

*City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 470-71 (2d Cir. 1974) (citation omitted).

## CONCLUSION

There is ample evidence that Plaintiffs were a substantial contributing cause of the results achieved in the Action (and Defendants have stipulated as much) and that the Fee and Expense Award is reasonable and is based on hourly rates which have been accepted in this District. The time expended by Plaintiffs' Counsel was not excessive, but was necessary to accomplish the Settlement. The multiplier requested, roughly 1.5, is well within the range commonly awarded in this District.[5] For the reasons set forth herein, Plaintiffs respectfully request that the Court approve the Fee and Expense Award.

Dated: October 29, 2010

                                          **PASKOWITZ LAW FIRM, P.C.**

                                          By: /s/Laurence D. Paskowitz
                                                 Laurence D. Paskowitz

                                          (A member of the Bar of this Court)
                                          60 East 42nd Street, 46th Floor
                                          New York, NY 10165
                                          212-685-0969

                                          Roy L. Jacobs
                                          **ROY JACOBS & ASSOCIATES**
                                          (A member of the Bar of this Court)

---

[5] A multiplier of approximately 1.5, which is significantly lower than the multipliers quite often approved. *See In re Cendant Corp.*, 232 F.Supp.2d 327, 342 (D.N.J. 2002) (in evaluating derivative settlement, "the Court finds that a risk factor of 2.59 is reasonable"); *In re Ikon Office Solutions, Inc. v. Stuart*, 194 F.R.D. 166, 195 (E.D. Pa. 2000) (derivative and class counsel received 2.7 multiple); *Wallace v. Fox*, 7 F. Supp.2d 132, 141 (D. Conn. 1998) (multiplier of 1.5 deemed appropriate in shareholder's derivative action); *In re NASDAQ Market-Makers Antitrust Litig.*, 187 F.R.D. 465, 489 (S.D.N.Y. 1998) (multiple of 3.97 deemed not unreasonable) (*citing Rabin v. Concord Assets Group, Inc.*, [1991-92] Fed. Sec. L. Rep. (CCH) ¶96,471 (S.D.N.Y. 1991) (applying multiplier of 4.4)); *Rievman v. Burlington N. R.R. Co.*, 118 F.R.D. 29, 35 (S.D.N.Y. 1987) ("multipliers of between 3 and 4.5 have been common").

60 East 42nd Street, 46th Floor
New York, NY 10165
212-685-0969

*Counsel for Freeport Partners, LLC and David Oppenheim*

## CERTIFICATE OF SERVICE

I, Roy L. Jacobs, one of plaintiffs' counsel in this action, hereby certify that the foregoing document was served upon all subscribers to this matter via the ECF electronic notification system on October 29, 2010.

/s/ Roy L. Jacobs
Roy L. Jacobs