UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re: JAAKS PACIFIC, INC. DERIVATIVE
ACTION,

This Document Relates to:

All actions

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/12/10

No. 04 Civ. 9441 (RJS)
ORDER

## ORDER AND FINAL JUDGMENT

This matter came before the Court for hearing pursuant to the Order of this Court of June 29, 2010 (the "Preliminary Approval Order"), on the Parties' application for (a) approval of the Settlement set forth in the Stipulation and Agreement of Settlement dated as of November 16, 2009 (the "Stipulation"); (b) entry of a judgment dismissing the Complaints on the merits and with prejudice; and (c) approval of the Fee and Expense Award. Due and adequate notice having been given to the Company's shareholders in accordance with Rule 23.1 of the Federal Rules of Civil Procedure as required in said Order, and the Court having considered all papers filed and proceedings held herein, including a Fairness Hearing conducted on October 19, 2010, and otherwise being fully informed in the premises and good cause appearing therefore,

### IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. This Order and Final Judgment incorporates by reference the definitions in the Stipulation, and all initial capitalized terms used herein shall have the same meaning as set forth in the Stipulation.

2. The Court has jurisdiction over the subject matter of the Consolidated Derivative Action, the Plaintiffs, JAKKS, and the Defendants.

3.      Notice of the pendency of the Consolidated Derivative Action and of the proposed Settlement was given to the Company's shareholders. The form and method of notifying the Company's shareholders of the pendency of the Consolidated Derivative Action and of the terms and conditions of the proposed Settlement met the requirements of Rule 23.1 of the Federal Rules of Civil Procedure, due process, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all Persons and entities entitled thereto.

4.      The Settlement is approved as fair, reasonable and adequate and the parties are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

5.      Plaintiffs' Counsel are hereby awarded attorneys' fees and expenses in the amount of $165,000, which sum the Court finds to be fair and reasonable, with such payment to be made in accordance with the terms of the Stipulation.

6.      The Complaints, which the Court finds were filed on a good faith basis in accordance with Rule 11 of the Federal Rules of Civil Procedure, are hereby dismissed with prejudice and without costs, except as provided in the Stipulation.

7.      Upon the Effective Date of the Settlement, Plaintiffs shall be deemed to have, and by operation of this Order and Final Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims (including Unknown Claims) and against the Released Persons. Notwithstanding the foregoing, nothing herein is meant to bar any claims relating to the performance or enforcement of the Stipulation or the Settlement.

2

8.     Plaintiffs individually and derivatively, and JAKKS, shall, by operation of this Final Judgment, release and be deemed to release and forever discharge, all Released Claims against all Released Persons, and shall forever be enjoined from asserting any Released Claims. JAKKS shareholders are hereby barred from instituting any claims that have been or could have been brought in any court or forum by or on behalf of JAKKS relating to or arising out of the allegations of the Consolidated Derivative Action.

9.     Neither this Final Judgment, the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement is or may be deemed to be or may be used as an admission of, or evidence of: (a) the validity or lack thereof of any Settled Claim, or of any wrongdoing or liability of the Released Persons; or (b) any fault or omission of the Released Persons in any civil, criminal, or administrative proceeding in any court, administrative agency or other tribunal. The Released Persons may file the Stipulation and/or this Final Judgment in any other action that may be brought against it or them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or similar defense or counterclaim.

10.     The Court finds that all parties and their counsel have complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

11.     Without affecting the finality of this Final Judgment in any way, the Court hereby retains continuing exclusive jurisdiction over the parties for all matters relating to the Consolidated Derivative Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Final Judgment.

3

12.     In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, then this Final Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

SO ORDERED.

Dated:          November 12, 2010
                New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

4